## A. M. WADDELL v. S. A. COMAR.

**Gaming—Discovery.**

Section 3, ch. 42, R. S., enables persons suing under Sec. 2 to have discovery, not only as to the amount of money lost at gambling, but as to the persons interested in the game at which the money was lost.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

#### March 18, 1874.

OPINION BY JUDGE LINDSAY:

The amendment to appellee's petition, filed February 7, 1873, in which it is substantially alleged that Waddell was interested in the gambling house at which his money was lost, and shared with those present, and engaged in the game, and that these facts could only have been developed to the court by a discovery by Waddell which brought the case within the provisions of Sec. 3, Chap. 42, Rev. Stat. The intention of this section is to enable persons suing under the provisions of section 2 of said chapter to have discovery, not only as to the amount of money lost, but as to the parties interested in the game or games at which it was lost.

To require the party suing to establish the loss in a court of law before resorting to chancery to have discovery, would in many cases render it impossible for him to obtain relief at all, as it would frequently be impossible, without discovery, to determine who to sue at law; and in all such suits he could be deprived of the right to use the party sued as a witness, for the palpable reason that disclosures made as a witness in an ordinary action would subject the party making them to the penalties and forfeitures denounced against persons guilty of violations of the statutes to repress gaming.

The motion to transfer to the court of common pleas was properly overruled. We deem it unnecessary to review the testimony presented by the record; considering the ownership by Waddell of a portion of the furniture in the house, including some of the gambling implements, his connection with the house, his payment of one-half of the accruing rent, and his admissions that he was at

one time a partner in the gambling operations carried on in the house, it is impossible to resist the conviction that he was to some extent interested in the games at which appellee's money was won.

The proof of the loss of money to an amount equal to the judgment rendered in favor of appellees, is clear and convincing.

Judgment affirmed.

*Elliott & Hays, for appellant.*

*Fleming, for appellee.*